# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STEPHANIE L. ESPARZA,

          Plaintiff,

v.                                                        Case No. 17-1163-JTM

REGENT INSURANCE CO.,

          Intervenor.

**MEMORANDUM AND ORDER**

Plaintiff Stephanie Esparza was injured in an auto accident while driving a rental car when she was in Wichita, Kansas, for job training. The original defendant, Ruben D. Baker, settled with Esparza under his insurance policy. Regent Insurance Company ("Regent") intervened and declined to substitute its funds because it concluded that Esparza was not an insured entitled to underinsured motorist coverage under Regent's policy with Esparza's employer. This matter is before the court on the parties' cross motions for summary judgment on the issue of coverage (Dkts. 24, 27). Both parties seek a declaratory judgment in her/its favor. For the reasons provided below, the court declares that Esparza is an insured under Regent's insurance policy and is entitled to UIM coverage.

I.      **Stipulated and Uncontroverted Facts[1]**

Regent issued a commercial auto policy to K.C. Bell, Inc. ("K.C. Bell"), No. CBA1228034, for the period of April 1, 2016, to April 1, 2017, which was a renewal of a prior policy. The policy provides uninsured ("UM") and underinsured motorist ("UIM") coverage with limits of $1,000,000 for specific vehicles identified and scheduled in the policy.

On June 20, 2016, Esparza, a California resident, was in Wichita to complete 30 days of training as a manager for a new Freddy's Frozen Custard franchise in San Diego, California, which is owned by K.C. Bell, Esparza's employer. Esparza did not have a credit card and therefore, a K.C. Bell employee, Tyler Hoover, rented a car for her use while she was training in Wichita. The rental was a 2016 Ford Mustang (the "rental car") obtained from Budget Car and Truck Rental of Wichita, Kansas ("Budget"). K.C. Bell paid Budget for the rental car as a covered expense benefit to Esparza, however, she was not listed as a driver on the rental car.

On the last day of her training, Esparza was driving the rental car when it was struck by Baker's car. Baker carried an insurance policy with Farmers Insurance Company ("Farmers") containing a liability limit of $30,000. Farmers tendered its policy limit of $30,000 to Esparza.

---

[1] The court incorporates the parties' Agreed Statements of Facts (Dkt. 23).

Plaintiff proceeded pursuant to K.S.A 40-284(f) to give Regent the opportunity to substitute payment. Regent elected not to substitute its payment thereby allowing plaintiff to accept Farmers' policy limit and preserve her UIM claim against Regent.

Although plaintiff's accident occurred within the commercial policy's applicable period, Regent denied plaintiff's UIM claim based on provisions contained within the policy.

Plaintiff filed a workers' compensation claim pursuant to California law and some of her losses will be recovered in that proceeding. Plaintiff sustained personal injury damages because of the collision, however, the exact amount of damages plaintiff is entitled to recover is currently disputed and will be determined at a later date pending the outcome of a determination by the Court on the coverage issue.

Regent claims that Esparza was not an insured under the policy; Esparza disagrees and seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201, 2202, that the UIM provision extends to her as an insured. The parties agree that Regent's policy was issued in Kansas and the issue of coverage under the policy for UIM benefits is governed by Kansas law.[2]

## II.     Summary Judgment Standards

---

[2] The court sits in diversity and "applies the substantive law, including choice of law rules, of the forum state." *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999). Under Kansas law, the court looks to where the particular insurance contract was made and applies the substantive law of that state—here, Kansas, as it is where K.C. Bell is located and the contract was made. *See State Farm Mut. Auto. Ins. Co. v. Oursler*, No. 08-2280-JWL, 2008 WL 5109777, at *1 (D. Kan. Dec. 2, 2008) (citing *Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, 642–46, 685 P.2d 321, 324–26 (1984)).

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is "material" when it is essential to the claim, and the issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor. *Haynes v. Level 3 Communs.*, 456 F.3d 1215, 1219 (10th Cir. 2006). The movant bears the initial burden of proof and must show the lack of evidence on an essential element of the claim. *Thom v. Bristol–Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). The nonmovant must then bring forth specific facts showing a genuine issue for trial. *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005). The court views all evidence and reasonable inferences in the light most favorable to the nonmoving party. *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

### III.   Discussion

Regent denied payment under the policy because Esparza was in a rental car, which, according to Regent, is not a covered auto licensed or principally garaged in Kansas. Regent refers to Item Two, Schedule of Coverages and Covered Autos, and asserts that UM and UIM coverage is limited to Category 6 Covered Autos, which does not include hired or rented autos. Regent contends that K.S.A. 40-284 does not mandate UIM coverage for rented autos, nor under the facts of this case.

    **a.  The Policy**

On page one, Regent's policy states,

> Each of these coverages will apply only to those autos shown as covered autos. Autos are shown as covered autos for a particular coverage by the entry of one or more of the symbols from the covered auto section of the business auto coverage form next to the name of the coverage.

(Dkt. 23-1, at 2). Category 6 Covered Autos is listed for UM/UIM coverage, which is described as,

> [o]nly those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage. This includes those 'autos' you acquire ownership of after the policy begins provided they are subject to the same state uninsured motorists requirement.

(Dkt. 23-1, at 13).

The court finds that this provision is unambiguous. Regent limited its UIM coverage to Category 6 Covered Autos, which does not refer to hired or rented autos. However, because Category 6 includes autos subject to a compulsory uninsured motorists law, the court must determine whether Kansas requires UM/UIM coverage under these circumstances—coverage for an employee who has permission to drive a car rented by her employer to further its business.

### b. Kansas's UM/UIM Statute

"In Kansas, every policy of motor vehicle liability insurance is required to provide a minimum coverage for the uninsured motorist of $25,000 per person and $50,000 per accident, within certain exclusions and limitations of coverage." *Ball By & Through Ball v. Midwestern Ins. Co.*, 250 Kan. 738, 740, 829 P.2d 897, 899 (1992). Under K.S.A. 40-284, all liability insurance policies for liability insurance arising out of ownership, maintenance, or use of any motor vehicle registered or principally garaged in Kansas are required to

contain a UI/UIM coverage provision. *See* K.S.A. 40-284(a), (b). The purpose of this legislation,

> is to fill the gap inherent in motor vehicle financial responsibility and compulsory insurance legislation and this coverage is intended to provide recompense to innocent persons who are damaged through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.

*Ball By & Through Ball*, 250 Kan. at 740, 829 P.2d at 899.

The court liberally construes K.S.A. 40-284 "to carry out its remedial objectives to provide financial protection to the named insured for injuries caused by a negligent [underinsured] motorist." *Tyler v. Employers Mut. Cas. Co.*, 274 Kan. 227, 238, 49 P.3d 511, 518 (2002). Unlike liability insurance, UM/UIM coverage "is first-party insurance, designed to protect the insured." *Ball By & Through Ball*, 250 Kan. at 740, 829 P.2d at 900; *see also Farmers Ins. Co. v. Gilbert*, 14 Kan. App. 2d 395, 401, 791 P.2d 742, 746, *aff'd as modified*, 247 Kan. 589, 802 P.2d 556 (1990).

Regent argues that K.S.A. 40-284 does not require UM/UIM coverage for a hired or rented auto. In these circumstances, the court disagrees. UM/UIM coverage "is not tied or limited to actual occupancy of a particular vehicle." *Midwest Mut. Ins. Co. v. Farmers Ins. Co.*, 3 Kan. App. 2d 630, 632, 599 P.2d 1021, 1023 (1979). UIM insurance covers a named insured "'[w]hile [s]he is in [her] insured automobile, and wherever else [s]he may happen to be when [s]he suffers bodily injury due to an uninsured motorist.'" *Id.* (quoting *Sturdy v. Allied Mutual Ins. Co.*, 203 Kan. 783, 791, 457 P.2d 34, 40 (1969)).

The court interprets K.S.A. 40-284 to provide UIM coverage for Esparza in a rented auto if she is an "insured" under Regent's policy. *See Gilbert*, 14 Kan. App. 2d at 401, 791

P.2d at 746 ("Subject to statutorily authorized limitations and exclusions, uninsured/underinsured motorist coverage applies no matter where the named insured is, or what vehicle the named insured is occupying, when the named insured is injured."). Any other conclusion is contrary to public policy in Kansas. *See Stewart v. Capps*, 247 Kan. 549, 555–56, 802 P.2d 1226 (1990) ("Insurance policy provisions which purport to condition, limit, or dilute the broad, unqualified uninsured motorist coverage mandated by K.S.A. 40–284 are void and unenforceable.").

### c. Is Esparza an Insured?

The court next considers whether Esparza is an "insured" under Regent's policy. In the Business Auto Coverage Form, under Section II – Liability Coverage, Regent agreed to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto[.]'" (Dkt. 23-1, at 14). An "insured" is K.C. Bell for any covered auto and, subject to exceptions that are inapplicable here, "[a]nyone else while using with [K.C. Bell's] permission a covered 'auto' you own, hire or borrow . . . ." (*Id.*).

On the other hand, under the Kansas Uninsured Motorists Coverage endorsement, an insured is defined as:

**B. Who Is An Insured**

    If the Named Insured is designated in the Declarations as:

        **1.** An Individual, then the following are "insureds";

            **a.** The Named Insured and any "family members".

7

>    **b.** Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
>    **c.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
>
> **2.** A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>
>    **a.** Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
>    **b.** Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

As written under Regent's policy, Esparza would qualify as an insured for liability coverage, but not for UM/UIM coverage. The court, however, must determine if Kansas allows such a distinction, and markedly, the parties disagree as to the correct answer.

In *Girrens v. Farm Bureau Mut. Ins. Co.*, 238 Kan. 670, 674–75, 715 P.2d 389, 393 (1986), the Kansas Supreme Court held that K.S.A. 40-284 "requires every automobile liability insurance policy to include uninsured motorist coverage and we hold that the class of insureds under such coverage cannot be more restrictive than the class covered by the liability coverage for personal injury and property damage under K.S.A. 1985 Supp. 40–3107." Here, Esparza was an insured operating a covered vehicle for purposes of liability coverage—she had permission from her employer to operate a rented auto to

further the employer's business. The definition of an insured under UIM coverage cannot be more restrictive, and if it is, it violates Kansas law. *See Harper v. State Farm Mut. Auto. Ins. Co.*, 191 P.3d 1136 (Kan. Ct. App. 2008) ("[I]f Harper is an insured for purposes of automobile liability coverage, then he also must be an insured for purposes of UIM coverage.").

Under Regent's policy, an insured for UIM coverage is Esparza's employer(s) and his/her family members, anyone driving a covered auto identified in Category 6 of the Scheduled Autos, or anyone driving a temporary substitute because a covered auto is out of commission. The court finds that Regent's Kansas Underinsured Motorists Coverage endorsement provides a more restrictive class of insureds for UIM coverage, and therefore, is void. Thus, the court applies the definition of who is an insured for liability coverage under Regent's policy, which includes Esparza, and she is entitled to UIM coverage.

### d. **Workers' Compensation Exclusion**

Alternatively, Regent argues that Esparza is not entitled to damages under its policy because she seeks payment through her workers' compensation claim for the same element of loss. The policy limits duplicate recovery.

> D.  Limit of Insurance
>
> 3. . . .
>
> We will not pay for any element of "loss" if the person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law or personal injury protection coverage.

(Dkt. 23-1, at 40).

Esparza acknowledges that she claimed workers' compensation benefits, but asserts that only a portion of her damages are reimbursed in the workers' compensation case. The parties disagree as to whether K.S.A.284(e)(4) limits compensation benefits to payments actually awarded versus payments Esparza may be entitled to receive.

Under K.S.A. 40–284(e)(4), "[a]ny insurer may provide for the exclusion or limitation of coverage[] . . . to the extent that workers' compensation benefits apply[.]" The court interprets K.S.A. 40–284(e)(4) to exclude only workers' compensation benefits actually awarded to the injured party. This reading is consistent with Kansas law. *See Tyler*, 274 Kan. at 238, 49 P.3d at 518. "The legislature intended K.S.A. 40–284(e)(4) to permit an insured to recover UM/UIM benefits which are not duplicative of workers compensation benefits. Any other result would negate the legislature's intent to require UM/UIM coverage protection." *Id.* (citing *Kilner v. State Farm Mut. Auto. Ins. Co.*, 252 Kan. 675, 686, 847 P.2d 1292 (1993)). Thus, Regent may exclude or limit its UIM coverage only to the extent that duplicative workers' compensation payments have been awarded to Esparza. Additionally, as correctly noted by both parties, under *Bussman v. Safeco Ins. Co. of Am.*, 298 Kan. 700, 713, 317 P.3d 70, 80 (2014), Esparza's entitlement to receive future medical expenses as part of her workers' compensation claim precludes recovery of those damages under the UIM coverage in Regent's policy.

### IV. Conclusion

The court declares that Esparza is an insured entitled to UIM coverage under her employer's insurance policy with Regent. Esparza is also entitled to UIM coverage to the

10

extent that it is not duplicative of any workers' compensation benefits she has received or may be entitled to in the future.

IT IS THEREFORE ORDERED this 6th day of June, 2018, that intervenor Regent's motion for summary judgment (Dkt. 24) is denied.  Plaintiff Esparza's motion for summary judgment (Dkt. 27) is granted.

s/ J. Thomas Marten

J. THOMAS MARTEN, JUDGE
