IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE L. ESPARZA,

    Plaintiff,

v.                                                Case No. 17-1163-JTM-KGG

REGENT INSURANCE COMPANY,

    Intervenor.

**MEMORANDUM AND ORDER**

On June 17, 2019, Plaintiff Stephanie Esparza filed a Motion to Amend Claim for Non-Pecuniary Damages (Dkt. 88) seeking to amend section 5.A. of the Pretrial Order (Dkt. 72) to claim in excess of $300,000 for past and future non-pecuniary loss. Esparza's motion was filed subsequent to the Kansas Supreme Court's decision in *Hilburn v. Enerpipe Ltd.*, No. 112,765, 2019 WL 2479464 (Kan. June 14, 2019), which struck down a statutory $300,000 cap on jury awards for noneconomic damages in personal injury actions as a violation of the constitutional right to jury trial. Esparza contends that in light of the *Hilburn* decision, this court should allow amendment of the pretrial order to prevent manifest injustice. Intervenor Regent Insurance Company (Regent) disagrees and argues that not only would it be prejudiced by an amendment to the pretrial order at this stage of the proceedings, but that the trial schedule would be disrupted as a result of additional discovery and expert designation that Regent would need to conduct. Jury trial in the matter is currently scheduled to begin on July 23, 2019. For the reasons set

forth below, the court finds that the interest of justice demands amendment of the pretrial order.

A.      **Standard of Review.**

Pretrial Orders are governed by Rule 16 of the Federal Rules of Civil Procedure and District of Kansas Local Rule 16.2. Both rules provide that the pretrial order supersedes all pleadings and controls the subsequent course of the case, and modifications are not permitted except by consent of the parties and approval of the court, or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d); D. Kan. Rule 16.2(c). Esparza, as the party seeking the amendment, bears the burden to prove that manifest justice would result if the proposed amendment is not allowed. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). This court has explained that although

> [t]he manifest injustice standard has not been usefully defined or described … it is a "stringent standard" that demands an acceptable explanation for the movant's tardiness. It is not met where the movant knew of the evidence or issue but remained silent at the pretrial conference. Conversely, amendment may be proper if the movant shows that "the facts on which it bases its motion did not exist or could not be synthesized before" the pretrial order deadline by the exercise of diligence.

*Debord v. Mercy Health System of Kansas, Inc.*, 2012 WL 58961 at *2 (D. Kan. Feb. 22, 2012) (citations omitted).

The Tenth Circuit considers four factors when deciding whether a trial court has properly exercised its discretion regarding amendment of a pretrial order: (1) prejudice or surprise to the opposing party; (2) ability to cure the prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of a new issue; and (4) bad faith by the party seeking modification. *Koch*, 203 F.3d at 1222. While this court is not obligated to

make specific findings regarding each of the four factors listed above, they are a helpful guide and the court's analysis of those factors favors the proposed amendment.

**B.   Analysis.**

    **1.   Prejudice or Surprise to Regent.**

Although the proposed amendment does not introduce a new legal theory, additional facts, or an unknown party into the case, it can be analyzed pursuant to the same standards applied to an amendment of the pleadings under Fed. R. Civ. P. 15(a). *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (explaining that a plaintiff's "attempt to add a new claim to the pretrial order was the equivalent of asking leave to amend his complaint, and must be evaluated by the court under the standards set forth in Rule 15(a).").

The Tenth Circuit and District of Kansas have previously found that amendments to pleadings are only prejudicial if they "unfairly affect" a defendant's ability to prepare a defense to the amendment. *In re Motel Fuel Temperatures Sales Practices Litigation*, 2013 WL 1896985 *3 (D. Kan. May 6, 2013) (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). While "[t]here is invariably some practical prejudice resulting from an amendment [of pleadings] … this is not the test for refusal of an amendment." *Patton*, 443 F.2d at 86. The test is "whether the allowing of the amendment [will produce] a grave injustice to the defendants." *Id.* As the *Patton* court found, a more substantial injustice would be created if this court denied Esparza's request.

Regent was aware both at the time the Pretrial Order was entered, and likely even prior to that, that Esparza intended to seek an award of noneconomic damages. Esparza

3

simply seeks to increase the amount of noneconomic damages claimed. The court acknowledges that Regent may in fact be *surprised* by the timing of the request here, but that surprise is directly related to the timing of the Kansas Supreme Court's *Hilburn* opinion, rather than some failing on the part of Esparza to adequately communicate her alleged damages.

The court rejects the argument that Esparza specifically limited her non-economic damage claim to $300,000 in the Pretrial Order. The relevant provision, section 5.A., designates "Non-Pecuniary Loss, Past & Future" as "K.S.A. 60-19a02(b)(2)…$300,000." The court finds that this was a direct reference to the statutory cap provided by the now-abrogated statute, rather than a conclusive statement by Esparza that she suffered no more than $300,000 in non-pecuniary damages. That interpretation of the Pretrial Order is in line with the general policy of construing a pretrial order liberally to cover any possible legal or factual theories that might be embraced by its language. *See Black v. Don Schmid Motor, Inc.*, 232 Kan. 458, 657 P.2d 517, 526 (Kan. 1983) (citing 6 Wright & Miller, Federal Practice and Procedure, Civil § 1527, 608-10). Regent would have been well-aware of the existence of the statute and its limiting effect on Esparza's potential recovery at the time the Pretrial Order was entered. Therefore, the court finds that Regent's ability to prepare a defense to Esparza's claims of non-pecuniary losses is not unfairly disadvantaged by the proposed amendment.

    **2.    Regent's Ability to Cure any Prejudice or Surprise.**

Regent claims that the proposed amendment would force it to "completely reconsider" its trial strategy, "including designating additional experts and taking more

fact witness depositions to contest Plaintiff's claim for pain and suffering."(Dkt. 91, p. 3). Aside from these conclusory statements, Regent fails to identify precisely how its preparation for this trial would be affected if the potential claim for damages was greater than $300,000. The nature of the damages claimed is the same, and the factual basis behind the damages remains the same. Regent does not contend that Esparza concealed information regarding the nature or extent of her injuries. Even if the dollar amount was elevated, then, Regent would still have needed to depose Esparza, Esparza's family, any expert witnesses, and likely designate its own expert, all of which Regent had ample opportunity to do. Unless Regent intended to concede that Esparza was entitled to damages in the full amount of $300,000, which the record does not indicate, Regent cannot in good faith claim that it would have different motivation to defend Esparza's damage claim in absence of the statutory cap.

  **3.**  **Disruption to the Orderly and Efficient Trial of the Case.**

Generally, a motion to amend the pretrial order filed prior to the commencement of trial cannot disrupt the trial itself. *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1211 (10th Cir. 2002). However, "the timing of the motion in relation to commencement of trial is an important element in analyzing whether the amendment would cause prejudice or surprise." *Id.* at 1210-11. In *Davey*, the Tenth Circuit found that where a two-month period had elapsed between the filing of a United States Supreme Court decision and a party's motion to amend the pretrial order to add an affirmative defense pursuant to that decision, the motion to amend was untimely. *Id.* at 1211. In contrast, Esparza's motion to amend was filed three days after the *Hilburn* decision.

5

The court finds that the requested amendment will have no effect upon the schedule of the trial or the orderly and efficient presentation of evidence in the case. The parties to date have disclosed their final witness and exhibit lists and neither are extensive. Because the nature of the damages claimed remains the same and the factual basis behind the damages remains the same, it should not be necessary for either party to add an extravagant number of additional witnesses or exhibits to adequately address the matter. As explained above, Regent has had ample opportunity to conduct discovery and designate experts in this matter and has had consistent motivation to defend against a claim of non-pecuniary damages during the progress of this case.

### 4. Bad Faith by Esparza in Seeking the Modification.

The court finds that Esparza acted expeditiously and in good faith with respect to the requested modification. Esparza could no more have predicted the timing of the *Hilburn* opinion than Regent or this court could have. Further, Esparza acted within the boundaries of applicable Kansas law at the time that it approved the Pretrial Order. Under the circumstances, there is nothing upon which the court could conclude that Esparza's motion to amend was filed in bad faith.

### C. Conclusion.

In *Hilburn*, the Kansas Supreme Court ruled that the noneconomic damages cap under K.S.A. 60-19a02 violated Hilburn's rights under Section 5 of the Kansas Bill of Rights, because it infringed upon the jury's right to determine the amount of damages necessary to redress her injury. 2019 WL 2479464, at *2. The court further explained that Section 5 of the Kansas Constitution Bill of Rights declares "[t]he right of trial by jury

shall be inviolate," and the non-economic damages cap of K.S.A. 60-19a02 clearly infringed upon that "inviolate" right. *Id.* at *4-5 (internal quotation marks omitted). The court indicated it "simply cannot square a right specially designated by the people as 'inviolate' with the practical effect of the damages cap: substituting juries' factual determinations of actual damages with an across-the-board legislative determination of the maximum conceivable amount of actual damages." *Id.* at *14.

Esparza's claim for non-economic damages arising from her personal injury claim implicates the same inviolate right to jury trial. In light of *Hilburn*, this court finds that it would be manifestly unjust to force Esparza to proceed to trial subject to the unconstitutional statutory cap on non-pecuniary damages. Esparza's Motion to Amend (Dkt. 88) is therefore **GRANTED**. Plaintiff is granted leave to amend the Pretrial Order as to her non-pecuniary losses and shall submit a proposed amended Pretrial Order within 24 hours of receipt of this Order.

**IT IS SO ORDERED**.

Dated this 1st day of July, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT