IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE L. ESPARZA,

    Plaintiff,

v.                                                      Case No. 17-1163-JTM-KGG

REGENT INSURANCE COMPANY,

    Intervenor.

**MEMORANDUM AND ORDER**

This matter is before the court on intervenor Regent Insurance Company's Motion to Exclude the Expert Economic Damages Opinion of Gary Baker, Ph.D. (Dkt. 79). Baker was retained by plaintiff to estimate the present value of plaintiff's historic and future losses, including wages, employer benefits, and forgone household services. Regent does not challenge Baker's qualifications as an economist, but argues his opinions are inadmissible because they are too speculative to comply with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and because plaintiff's disclosures did not comply with Federal Rule of Civil Procedure 26. For the reasons set forth below, the court finds that plaintiff's disclosures were sufficient, and that Baker's opinions satisfy the standard for admissibility.

**A.**    **Background**

Esparza was seriously injured in a motor vehicle accident on June 20, 2016 while attending training to serve as the Assistant General Manager of a new Freddy's Frozen Custard location near San Diego, California. Following an extensive recovery period

Esparza was able to return to work, albeit with various restrictions ordered by her physicians. Esparza retained Gary Baker, PhD., a former professor of economics at Washburn University, to provide an opinion regarding the value of her economic losses, including lost future earnings and loss of household services on behalf of Esparza's wife and children. Baker's initial report was issued July 31, 2017. At that time, Esparza had not yet been released to work by her treating physicians.

The court entered its Scheduling Order on July 27, 2018. The Order noted that Esparza had already served retained expert disclosures pursuant to Rule 26(a)(2). It directed that Regent was to serve expert disclosures by November 9, 2018, and that rebuttal experts were to be designated by December 14, 2018. The Order further provided that any objections to the expert disclosures, other than those pursuant to Federal Rule of Evidence 702-05, must be served within 14 days of service of the disclosure and "confined to technical objections related to the sufficiency of the written expert disclosures." (Dkt. 38, p. 3-4). Regent never lodged such an objection.

Regent took Baker's deposition on August 31, 2018. The record does not disclose that any objection was made during that deposition to either the timeliness or sufficiency of the Rule 26 disclosures. During his deposition, Baker indicated that an updated report may be likely based upon Esparza's hope that she may be re-hired by her old employer at a different position. (Dkt. 83, p. 8).

Although that particular employment did not come to fruition, by late 2018 Esparza had obtained employment at a call center after what she describes as an "exhaustive" job search. Baker issued a supplemental report on December 3, 2018, with

2

revised damage calculations based upon the wages Esparza was earning at her new job. Discovery was set to close on February 15, 2019, and the Scheduling Order had directed that all supplemental disclosures be served at least 40 days prior to the close of discovery. Esparza offered to make Dr. Baker available for a second deposition, but Regent declined the opportunity to do so. Regent instead filed this motion to exclude Baker's opinion within the time specified by the court.

**B.     Legal Standard**

This court performs a "gatekeeping" role with respect to the admission of expert testimony. *See generally Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589-93 (1993); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 969 (10th Cir. 2001). Federal Rule of Evidence 702 governs the admissibility of expert testimony, and provides

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

There is a two-part analysis to determine whether an expert's opinions are admissible. *Marten Transp., Ltd. v. Platform Advert. Inc.*, 184 F.Supp.3d 1006, 1009 (D. Kan. 2016). The court first considers whether the witness is qualified by "knowledge, skill, experience, training or education" to render the opinions. Second, the court determines whether the

witness's opinions are "reliable" under the principles set forth in *Daubert* and *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 147-48 (1999). "The rejection of expert testimony is the exception rather than the rule." *Marten Transp.,* 184 F.Supp.3d at 1009 (citing Fed.R.Evid. 702 advisory committee notes). The court has "considerable leeway in deciding in a particular case how to go about determining whether particular exert testimony is reliable." *Kumho Tire*, 526 U.S. at 152.

C. **Discussion**

    1. **Plaintiff's Rule 26 Disclosures**

Regent argues that Esparza failed to file and serve her expert witness disclosures pursuant to both Rule 26(a)(3)(A) and 26(a)(4), and that the materials Esparza did disclose did not sufficiently disclose the facts or data underlying Baker's opinions as required by Rule 26(a)(2)(B)(i) – (vi). Rule 26(a)(2)(A) provides in part that a party must disclose any person whom it plans to use at trial to present expert evidence. The expert must submit a report that must include:

(i)     A complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    The facts or data considered by the witness in forming them;
(iii)   Any exhibits that will be used to summarize or support them;
(iv)   The witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)    A list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)   A statement of the compensation to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

Rule 26(e)(1)(A) provides generally that a party must correct a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." With respect to expert witness disclosures specifically, Rule 26(e)(2) states that a "party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."

A party who fails to provide information by disclosure or supplement under Rule 26(a) or (e) is prohibited from using that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 952-53 (10th Cir. 2002). The court has broad discretion to determine whether a Rule 26 violation is justified or harmless. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Although the court does not need to make explicit findings on these factors, a court analyzing the potential harmful effect of a rule 26 violation should consider (1) prejudice or surprise to the party against whom the testimony is offered; (2) the ability to cure such prejudice; (3) the extent to which such testimony would disrupt trial; and (4) bad faith or willfulness by the violating party. *Jacobsen*, 287 F.3d at 953.

Baker's supplemental report was filed within the timeframe for supplemental disclosures required by the Scheduling Order. Baker's supplemental report also complied

5

with Rule 26(e), which *required* plaintiff to disclose additional information pertinent to the expert witness disclosures if that information was not otherwise made available in the course of discovery. In this instance, the supplemental report contained information – Esparza's current salary – which was not available at the time of the initial disclosures or Baker's deposition. The court does not find any violation of Rule 26 in the timing of Baker's supplemental report. If there were, it would in any event be harmless.

Regent took Baker's deposition after his initial expert disclosure and had the opportunity to depose him again after the supplemental disclosure. A deposition cannot cure a Rule 26 disclosure defect, because Rule 26(a)(2) provides opposing counsel notice of an expert's anticipated testimony regardless of whether at trial or deposition. *See Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). A deposition, however, can cure prejudice and justify a court's decision to refrain from exercising Rule 37(c) sanctions. *Contra ClearOne Commchs, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011) (finding "Biamp was able to cure some, if not all, of the prejudice it may have suffered" by deposing the opponent's expert). Regent could have actively probed Baker's methods, underlying facts and processes, and the reasoning on which his opinions are based during that deposition. Nothing in the record indicates that Regent was prevented from that type of questioning by Esparza's counsel or the content of the expert disclosures.

If Regent suffered any prejudice from the timing of Esparza's supplemental expert disclosure, that prejudice was mitigated by Regent's deposition of Baker. Because Regent had an opportunity to inquire as to the extent of Baker's testimony, the facts, data, and processes relied on in forming his opinions, and the basis of his calculations, it is unlikely

6

Esparza will elicit testimony at trial that is not foreseeable. Further, nothing in the record indicates that Esparza acted in bad faith. The court finds no basis under Federal Rules of Civil Procedure 26 or 37 to exclude Baker's opinions.

## 2. Baker's Opinion on Historic and Future Lost Income and Benefits

Both Baker's original report and supplemental report seek to estimate the "present value of the economic loss to Stephanie Esparza resulting from her accident on June 20, 2016." (*See* Dkt. 80-2, 80-4). Baker explains that the historic loss was calculated based upon Esparza's employment as of the date of her accident, when she was earning $15.73 per hour full-time with ten hours of overtime per week. (Dkt. 80-4, p. 3). Future economic loss was calculated using a mathematical formula utilizing several factors including wages and employer benefits, time, mortality adjustment, growth rate, and discount/interest rate. (Dkt. 80-4, p.6-7).

Regent does not attack Baker's calculations of historic loss nor the mathematical formula used to calculate future economic losses. Rather, Regent contends that the assumptions utilized by Baker for the future economic loss equation were wrong because Esparza did not designate a second expert to provide an opinion on her pre-injury earning capacity versus her post-injury earning capacity. Regent relies upon *Dunmiles v. Jubilee Towing, LLC*, No. 16-14325 (E.D. La. Apr. 3, 2017), 2017 U.S. Dist. LEXIS 50269 at *8-9 in which the court observed:

> economists typically rely on other experts – such as vocational rehabilitation experts – to advise them as to the income a plaintiff can probably earn due to his injuries. Economists then use that information in conjunction with actuarial data to estimate the wage loss the plaintiff will probably sustain over the course of his lifetime.

The court went on to opine that "[w]ithout any evidence to support the assumption that plaintiff is only capable of earning a minimum wage, [the economist's] calculation of plaintiff's future earning capacity based on that assumption is unreliable, irrelevant, and potentially confusing for the jury." *Id.* Regent contends that because Esparza does not have a medical expert, vocational expert, or other expert to evaluate her post-injury earning capacity, Baker's opinions are "entirely speculative." (Dkt. 80, p. 9).

Regent also relies upon the opinion of this court in *Foster v. USIC Locating Servs., LLC*, in which Judge Murguia excluded Baker's testimony on a plaintiff's past and future lost income as unreliable and speculative. 16-2174-CM, 2018 U.S. Dist. LEXIS 133128 (D. Kan. Aug. 7, 2018). In that case, plaintiff was injured during work when he struck a buried power line with a shovel. A vocational expert determined that plaintiff would earn $8 to $10 per hour in an open market, compared to the $17.58 per hour that he was making at the time of the suit. Baker offered a calculation of lost past and future income based, in part, on the vocational expert's opinion. Judge Murguia did not find fault in Baker's calculations themselves. Instead, the assumptions used by Baker were unreliable because the plaintiff's vocational expert indicated his evaluation was based on plaintiff's injuries being permanent, whereas other evidence indicated that plaintiff had been released to work at full capacity.

In this case, there is no indication that Esparza is expected to reach further medical improvement. Baker's opinions are not entirely without foundation, nor are they based upon facts that have been proven to be demonstrably false. The court declines to find that

8

Esparza is obligated to produce additional expert witnesses in order to support an opinion as to her lost earning capacity.

Regent's challenges to the assumptions behind Baker's calculations of future lost wages go to the weight to be given Baker's testimony, not its admissibility. An expert's opinion need not be absolutely certain in order to be admissible. In *Gomez v. Martin Marietta Corp.*, the Tenth Circuit upheld a trial court's decision to allow an economist to present expert testimony on the issue of front pay damages over an objection that the testimony was too speculative. The court observed the expert testimony "must be based on 'facts which enable [the expert] to express a reasonably accurate conclusion as opposed to conjecture or speculation,'" and found that the challenging party did not establish that the proffered opinions had no basis in fact. 50 F.3d 1511, 1519 (10th Cir. 1995) (internal citations omitted). Instead, the challenging party was able to cross-examine the witness and present its own favorable expert testimony. "While the weaknesses in the data upon which [the economist] relied go to the weight the jury should have given her opinions, they did not render her testimony too speculative as a matter of law." *Id.* (citing *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991); *Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 648 (10th Cir. 1991)). Regent and its experts may have a difference of opinion on Esparza's future earning capacity, but "[a] disagreement with an expert's conclusion is not grounds for exclusion, instead '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Foster*,

9

2018 U.S. Dist. LEXIS 133128 (quoting *Goebel v. Denver and Rio Grande W.R. Co.*, 346 F.3d 987, 994 (10th Cir. 2003)).

The court finds Baker qualified to testify as to the matters contained within his expert disclosure and finds that his opinions regarding plaintiff's lost wages and future lost income are sufficiently reliable to be presented to the jury.

    3.    **Baker's Opinion on the Value of Lost Household Services**.

Baker's opinion contains a valuation of lost household services based upon time estimates made by Esparza. (Dkt. 80-2, p. 5). The court has previously found Dr. Baker's valuation of lost household services was reliable because the methodology used was sufficient to justify admission. *See Foster v. USIC Locating Servs., LLC*, 16-2174-CM, 2018 U.S. Dist. LEXIS 113128 (D. Kan. Aug. 7, 2018) (citing *Cochrane v. Schnieder Nat. Carriers, Inc.*, 980 F.Supp. 374, 380 (D. Kan. 1997) (finding "a method whereby the value of services is determined by the market value for service providers is sufficiently valid," and "the method of estimating damages for loss of services whereby the value of the services is multiplied by the amount of time those services would actually have been provided to the plaintiff[] [is valid]")). As the court held in *Foster*, the accuracy of Baker's conclusions based upon the information submitted Esparza can be challenged with cross examination during trial.

**D.**    **Conclusion**

The court finds no basis to exclude Gary Baker's opinions in this matter under Federal Rule of Civil Procedure 26 or *Daubert*. Baker's opinions were timely disclosed and supplemented, and the content of the disclosures sufficient for Regent to adequately

10

prepare for deposition and trial. Further, Regent's deposition of Baker and the limited impact of the supplement on Baker's opinion mitigate against any prejudice that would otherwise have resulted from the supplemental disclosures. Baker's calculations and conclusions are based upon evidence supported by the record, and his qualifications and economic methodology for calculating damages are not challenged. The court therefore DENIES Regent's Motion to Exclude (Dkt. 79).

IT IS SO ORDERED.

Dated this 9th day of July, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT