IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHANIE L. ESPARZA,

    Plaintiff,

v.                                            Case No. 17-1163-JTM-KGG

REGENT INSURANCE COMPANY,

    Intervenor.

**MEMORANDUM AND ORDER**

This matter is before the court on two motions filed by Intervenor Regent Insurance Company (Regent) pertaining to certain witness and exhibit disclosures: (1) a motion to strike witness Vanessa Jaques and Exhibits I, J, K, and N from Esparza's Rule 26(a)(3) Witness and Exhibit List (Dkt. 92); and (2) a motion to quash Esparza's trial subpoena to Vanessa Jaques (Dkt. 95). Regent contends that Esparza should be barred from presenting either the witness or aforementioned exhibits because she failed to identify them as such in her Rule 26(a)(1) initial disclosures or a timely supplement to those disclosures. Esparza argues that the identity of the witness and the exhibits identified by Regent were not available at the time of the initial disclosures, and that no supplement was required under Rule 26(e) because Regent was made aware of the relevant information during the course of discovery. After its review of the briefs and disclosures in this matter the court concludes that there was no violation of Rule 26 that would implicate sanctions under Rule 37, and that even if Esparza's disclosures had violated Rule 26 the failure to disclose was harmless.

## A.     Legal Standard.

In this case, the court entered a revised scheduling order after ruling on the parties' summary judgment motions. The pertinent portion of that order acknowledged that the parties had already exchanged initial disclosures as required by Fed.R.Civ.P. 26(a)(1), but directed that "[s]upplementations of those disclosures under Fed.R.Civ.P. 26(e) must be served at such time and under such circumstances *as required by that rule*." (emphasis added). The Scheduling Order then advised "[s]hould anything be included in the final [pretrial] disclosures under Fed.R.Civ.P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit *probably* will be excluded from offering any testimony under Fed.R.Civ.P. 37(c)(1)." (emphasis added).

Rule 26(a)(1)(E) requires that a party "make its initial disclosures based on the information then reasonably available to it," but must supplement the disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: '(1) the prejudice or

surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Little v. Budd Co.*, 339 F.Supp.3d 1202, 1207 (D. Kan. 2018) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002)).

**B.     Analysis.**

1.      **Disclosure of Vanessa P. Jaques as a Trial Witness**

It is true that Esparza failed to disclose Jaques as a witness in her Rule 26(a)(1) initial disclosures. The court finds that irrelevant, as Esparza learned of Jaques' role in the case a year after her initial disclosures were served. It appears that Esparza first learned of Jaques when she received an email from Jaques on September 17, 2018, informing her that K.C. Bell (her former employer) could not accommodate her at any position due to Esparza's final medical restrictions. Esparza's Second Supplemental Response to Regent's First Request for Production was served on Regent's counsel two days later, on September 19, 2018, identifying "email received by Plaintiff from K.C. Bell's Director of Human Resources, Vanessa Jaques on September 17, 2018" as responsive to a request for written material containing information pertaining to the incident alleged and the alleged damages or injuries. (Dkt. 97-2). Regent was at least aware of Jaques' identity and relevance to the case, then, in mid-September 2018.

Regent nevertheless contends that Esparza was still obligated to file a Rule 26(e) supplement listing Esparza specifically as a "trial witness." Regent's insistence that Esparza failed to identify Jaques as a trial witness prior to her Rule 26(a)(3) pretrial

3

disclosures reads requirements into the rules that do not exist. Rule 26(a)(1) states that a party shall provide "the name … address and telephone number of each individual likely to have discoverable information … the disclosing party may use to support its claims or defenses …." A party is then required to supplement under Rule 26(e)(1)(A) only if "the additional or corrective information *has not otherwise been made known to the other parties during the discovery process or in writing*." (emphasis added). Neither of these rules require a disclosing party to distinguish among those individuals "likely to have discoverable information" and those individuals who the party intends to call as trial witnesses. Esparza disclosed Jaques' identity and pertinent contact information promptly and in writing, which is all that Rules 26(a) and 26(e) required her to do. *See Pina v. Children's Place*, 740 F.3d 785, 793 (1st Cir. 2014) (finding disclosure of a witness's identity and role in a verified position statement to the Massachusetts Commission against Discrimination sufficient to meet Rule 26(e)'s exception to the supplementation rule).

In contrast, Rule 26(a)(3)(A) provides that *in addition* to the disclosures required by Rules 26(a)(1) and (2),

> a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> (i) the name and, if not previously provided, the address and telephone number of each witness – separately identifying those the party expects to present and those it may call if the need arises;
> …
> (iii) an identification of each document or other exhibit … separately identifying those items the party expects to offer and those it may offer if the need arises.

4

Fed.R.Civ.P. 26(a)(3)(A). Those disclosures must be made at least 30 days prior to trial. Fed.R.Civ.P. 26(a)(3)(B). Regent does not dispute that Esparza timely filed the disclosures required by Rule 26(a)(3) on June 17, 2019, and that Jaques was identified as a trial witness in those disclosures. (Dkt. 89, p.1). Esparza's disclosure of Jaques' identity, in writing, during discovery combined with the timely pretrial disclosure fully complied with the disclosure requirements of Rule 26. There is no basis, then, to strike Jaques as a witness.

Even if Esparza's failure to declare Jaques a "trial witness" until the pretrial disclosures was a technical violation of Rule 26(e), however, the court finds that violation would be harmless. Regent repeatedly emphasizes that it was never particularly concerned about the nature of Jaques' knowledge or testimony because she played such a "minor" role in the case. Those statements are difficult to square with Regent's later claim that Jaques' identity as a "trial witness" was "critical to Regent's understanding of the facts of the case, the nature and extent of the damages claimed, to determine the existence of, and locate, other fact and rebuttal witnesses, to evaluate the need to retain expert witnesses, and to formulate its defense to Plaintiff's claims." (Dkt. 96, p. 4). Regent does not explain how Esparza's choice to list Jaques as a witness who will testify at trial (presumably to establish foundation for the email concerning K.C. Bell's inability to accommodate Esparza's medical restrictions) transforms Jaques' role from minor to critical.

Jaques was an employee of Regent's insured, K.C. Bell. Esparza disclosed at the outset of the case that members of K.C. Bell's management would be relevant witnesses. Regent has long been aware that Esparza's ability to find employment and the nature of

5

that employment would be an issue in the case. Regent's own expert acknowledges the same fact contained in Jaques' email – namely that Esparza will not be able to return to her former employment in the fast food industry given her limitations on mobility, range of motion, and endurance. (Dkt. 83-5). Even if Regent did not know of Jaques' identity, specifically, it has been fully apprised of the nature and essence of Esparza's damage claim and has had a full and fair opportunity to develop its defense to those claims.

The court finds no prejudice or surprise that warrants striking Jaques. Acknowledging Regent's admission that Jaques plays a "minor role" in this factual scenario, there is very little likelihood that allowing her testimony would disrupt the process of trial. Finally, the court finds no bad faith or willfulness in Esparza's conduct given her prompt disclosure of Jaques' email and the timely filing of her final witness and exhibit list. Under the circumstances, any violation of Rule 26 pertaining to Jaques' disclosure was harmless.

### 2. Disclosure of Exhibits I, J, K, and N

Regent seeks to exclude the following exhibits on the ground that Esparza failed to include them with either her Rule 26(a)(1) initial disclosures or in discovery, identified as they are listed in Esparza's final witness and exhibit list: (i) Esparza's current pay stub; (j) job search listings post-Esparza's release at maximum medical improvement; (k) motor vehicle accident photos; and (n) the email to Esparza from Vanessa Jaques. As to the email from Jaques, Regent acknowledges that Esparza did provide that email in discovery but contends that Esparza was still obligated to disclose the email as a "trial exhibit" in a Rule 26(e) supplemental disclosure. That position is unavailing for the reasons discussed

above with respect to Esparza's disclosure of Jaques. Neither Rule 26(a)(1) nor Rule 26(e) required Esparza to designate the email specifically as a "trial exhibit" during the discovery process, and the email was properly and timely identified as a trial exhibit in Esparza's Rule 26(a)(3) disclosures.

As to Esparza's pay stub and job search results, those documents could not have been included with the initial Rule 26(a)(1) disclosures because they did not exist then. They were provided to Regent on December 12, 2018, two months prior to the close of discovery. The documents were enclosed with the report of Esparza's damages expert, Gary Baker, along with a letter referencing Esparza's "exhaustive job search over a thirty (30) day period" and "the actual wage payment statement from her employment which reflects $10.50 per hour at a current fifteen (15) hours per week." (Dkt. 97-3).

In its reply brief Regent admits that it did receive the pay stub and job search results but contends that because they were included with Esparza's letter they were mistakenly filed as correspondence, rather than potential exhibits. (Dkt. 104, p. 3-4). The court finds that implausible, as it assumes Regent would have made a careful review of the disclosure prior to taking Gary Baker's deposition. Even so, Regent's filing mistake does not equate to a Rule 26 violation on the part of Esparza. The pay stub and job search results were disclosed in writing. Regent acknowledges its receipt of those documents prior to the close of discovery. Esparza then timely listed the pay stub and job search results in her pretrial disclosures. There is no basis to strike either of those exhibits under Rule 37.

Finally, there is no basis to strike the motor vehicle accident photos. Regent was well aware from its initial intervention in the case that Esparza's claims involved a motor vehicle accident. Its First Requests for Production requested "any and all photographs, videos, movies, or slides of the scene of the subject incidents and of any injuries to Plaintiff." (Dkt. 97-4). Esparza responded "[t]here are photos available to Regent of the accident scene contained in Motor Vehicle Accident Report filed by the Wichita Police Department in Case No. 16 C 042761." Despite that early identification, it appears that neither party bothered to obtain the accident scene photos until late June, 2019, when Esparza received a copy of them from the Wichita Police Department. Upon receipt, Esparza's counsel emailed Regent's counsel and offered to send a copy in the mail if Regent had not yet obtained them. When Regent acknowledged it did not have them, Esparza's counsel provided them within an hour. (Dkt. 97-5).

While perhaps both parties could have been more diligent in their efforts to obtain the photos, Regent cannot claim that Esparza's conduct rendered it unaware of the existence or contents of those photos or otherwise prevented its access to those photos. Further, Esparza promptly provided Regent with the photos upon learning that Regent did not have them. Under these circumstances the court finds that any violation of Rule 26 resulting from distribution of the photos after the discovery cut-off date was harmless, and no sanctions are warranted by Rule 37.

**C.     Conclusion.**

The court is mindful that the general rationale and purposes of Rule 37 sanctions are to (1) deter future litigation abuse; (2) punish present litigation abuse; (3) compensate

victims of litigation abuse; and (4) facilitate case management. *Burton v. R.J. Reynolds Tobacco Co.*, 203 F.R.D. 636, 640 (D. Kan. 2001) (citing *White v. General Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990)). None of those factors are present here. The court's review of the disclosures and discovery exchanges between the parties shows no bad faith on Esparza's part and no violations of Rule 26 that would warrant the impositions of sanctions under Rule 37. Further, the court finds that Esparza did not violate this court's Scheduling Order. The Scheduling Order contemplated that the duty to supplement initial disclosures was governed by Rule 26(e), which provides an exception to the duty to file a supplemental disclosure when the new information has been provided in writing through the discovery process.

Regent's Rule 37 Motion to Strike (Dkt. 92) and Motion to Quash the trial subpoena to Vanessa Jaques (Dkt. 95) are therefore DENIED.

IT IS SO ORDERED.

Dated this 9th day of July, 2019.

/s/ J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT